IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MARIANO RODRIGUEZ RODRIGUEZ,

    Plaintiff

    v.

ENEIDA GARCIA, et al.,

    Defendants

CIVIL NO. 09-1094 (JAF/JP)

### OPINION AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 ("Section 1983") alleging unspecified constitutional violations for failure to grant his request for parole. Before the Court are Defendants Commonwealth of Puerto Rico ("Puerto Rico"), Maria Melendez-Rivero ("Melendez"), and Eneida Garcia's ("Garcia") motion to dismiss (**Docket No. 20**) and Defendant Junta de Libertad Bajo Palabra's (the "Parole Board") motion to join the motion to dismiss (**Docket No. 26**). Defendants' motions are unopposed. For the reasons provided herein, Defendants' motions are **GRANTED**.

**I.**

### FACTUAL SUMMARY

Plaintiff, Mariano Rodriguez Rodriguez, is an inmate serving a sentence under the jurisdiction of the Department of Correction and

CIVIL NO. 09-1094 (JAF/JP)         -2-

Rehabilitation of the Commonwealth of Puerto Rico. He is incarcerated in a correctional institution in Rio Grande, Puerto Rico. On February 2, 2009, Plaintiff filed this complaint in federal court against Defendants for failing to evaluate his request for parole. (Docket No. 2.) He alleges that he has completed more than twenty percent of his sentence and that Defendant Garcia and the Parole Board have not evaluated his situation. He states that he pursued various administrative remedies through the prisoner's grievance procedure, but has not received a response. He seeks $250,000.00 in economic compensation for violation of his rights.

**II.**

**LEGAL STANDARD FOR A MOTION TO DISMISS**

A defendant may move to dismiss, based solely on the complaint, for the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In assessing this motion, we "accept[ ] all well-pleaded facts as true, and we draw all reasonable inferences in favor of the [plaintiff]." Wash. Legal Found. v. Mass. Bar Found., 993 F.2d 962, 971 (1st Cir. 1993).

Because Plaintiff appears pro se, we construe his pleadings more favorably than we would those drafted by an attorney. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, Plaintiff's pro se status does not excuse him from complying with procedural and

CIVIL NO. 09-1094 (JAF/JP)        -3-

substantive law. See Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

### III.

### ANALYSIS

Defendants raise three arguments for dismissal: (1) failure to exhaust administrative remedies; (2) Eleventh Amendment immunity; and (3) failure to state a Section 1983 claim against the individual Defendants in their personal capacities. Because we dismiss for failure to exhaust administrative remedies, we do not reach Defendants' additional arguments.

**A.   Exhaustion of Administrative Remedies**

Defendants argue that Plaintiff has failed to exhaust his administrative remedies because he did not appeal any of the resolutions by the Parole Board as required by the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e. Before a prisoner may bring suit in federal court challenging the conditions of his confinement, he must first exhaust all administrative remedies available to him. § 1997e(a). "[T]hose remedies need not meet federal standards; nor must they be 'plain, speedy, and effective.'" Porter v. Nussle, 534 U.S. 516, 524 (2002). The failure to exhaust administrative remedies is an affirmative defense that "must be raised and proved by the defense." Cruz-Berrios v. Gonzalez-Rosario,

CIVIL NO. 09-1094 (JAF/JP)        -4-

630 F.3d 7, 11 (1st Cir. 2010) (citing Jones v. Bock, 549 U.S. 199, 216 (2007)); Rodriguez-Melendez v. Fortuno-Burset, 2011 WL 3442471, at * 3 (D.P.R. Aug. 8, 2011). A prisoner has not properly exhausted a claim where his failure to comply with filing deadlines bars him from further pursuit of administrative remedies. See Woodford v. NGO, 548 U.S. 81, 90-91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings.").

Defendants attached to their motion to dismiss the resolutions issued by the Parole Board on Plaintiff's requests for parole (Docket Nos. 20, 23.) In the resolution dated November 28, 2005, the Parole Board denied Plaintiff's request for parole because, among other reasons, Plaintiff had escaped from a Correctional Institution in Bayamon in 1981 and was not extradited to Puerto Rico until 2001. (Docket No. 23-1.) The Parole Board stated that Plaintiff demonstrated recidivist conduct and that it would reconsider its decision on November 22, 2006. (Docket No. 23-1.) The resolution expressly explained that Plaintiff could file a reconsideration of the decision within twenty (20) days. (Id.) The resolution further stated that if the Parole Board "fails to take any action within fifteen (15) days regarding said motion for reconsideration,"

CIVIL NO. 09-1094 (JAF/JP)        -5-

Plaintiff could request judicial review before the Puerto Rico Court of Appeals. (Id.) The notice also stated that, if Plaintiff chose not to file a motion for reconsideration, he had thirty (30) days to file for judicial review before the Court of Appeals. (Id.)

On January 23, 2007 (Docket No. 23-2) and again on September 15, 2008 (Docket No. 23-3), the Parole Board issued resolutions denying Plaintiff's request for parole because he had not complied with certain requirements. Both of these resolutions outlined the steps, as detailed above, that Plaintiff could follow to appeal the decisions by the Parole Board. Instead of availing himself of any of these administrative procedures, however, Plaintiff filed the instant complaint on February 2, 2009. (Docket No. 2.)

Subsequent to Plaintiff filing this complaint, on August 11, 2009, the Parole Board issued another resolution explaining that it was postponing the final decision in Plaintiff's case for a term of ninety (90) days because the Bureau of Rehabilitation and Treatment had concluded that Plaintiff should receive individualized therapy. (Docket No. 23-4.) The Parole Board agreed to consider Plaintiff's case again in November 2009. (Id.)

Plaintiff filed for reconsideration of the Parole Board's August 11, 2009 resolution. (Docket No. 23-5.) Plaintiff's motion for reconsideration was denied on October 14, 2009. (Docket No. 23-6.)

CIVIL NO. 09-1094 (JAF/JP)     -6-

In the resolution denying Plaintiff's motion for reconsideration, Plaintiff was informed that he could request judicial review before the Puerto Rico Court of Appeals within thirty (30) days. (Id.) There is no indication that Plaintiff took this step. On February 4, 2011, the Parole Board once again denied Plaintiff's request for parole, explaining that Plaintiff is serving a sentence of thirty (30) years for the crimes of murder in the second degree, illegal appropriation, robbery, and kidnapping, among other crimes; that he completes his sentence on December 12, 2014; and that he has no exit plan in the areas of housing, friend-counselor, and employment. (Docket No. 23-7.) The resolution stated that the Parole Board would consider his case again in November 2011. (Id.) The resolution, as with the previous resolutions, expressly provided Plaintiff with the steps he could take to appeal this decision. (Id.)

    Defendants argue that, in spite of the notices to Plaintiff that he could file for reconsideration of the decisions by the Parole Board, he failed to utilize the administrative procedures in place. It appears that Plaintiff only filed a motion for reconsideration as to one of the Parole Board's resolutions and took no further steps to appeal that decision or any other decision. Moreover, the Parole Board was to reevaluate Plaintiff's case in November 2011. Plaintiff does not refute Defendants' statements or address, in any way, the

CIVIL NO. 09-1094 (JAF/JP)        -7-

exhaustion of his claim. Pursuing administrative remedies by taking some, but not all, of the steps available does not constitute exhaustion of administrative remedies for purposes of the PLRA. Johnson v. Thyng, 369 Fed. Appx. 144, 147-48 (1st Cir. 2010); Cruz-Berrios v. Oliver-Baez, 2011 WL 2433327, at *4 (D.P.R. Jun. 17, 2011). Plaintiff, in this case, has not fulfilled the PLRA's exhaustion requirement, and, as such, we need not address Defendants' additional grounds for dismissal. See e.g., Johnson, 369 Fed. Appx. at 148 (affirming the dismissal of plaintiff's Section 1983 claim for failure to comply with the PLRA's exhaustion requirement); Matthews v. Cordeiro, 256 Fed. Appx. 373, 375 (1st Cir. 2007); Rivera-Crespo v. Pereira-Castillo, 2011 WL 1259886, at *3 (D.P.R. Mar. 29, 2011). We hereby dismiss Plaintiff's case with prejudice for failure to exhaust administrative remedies before filing suit as required by the PLRA.

CIVIL NO. 09-1094 (JAF/JP)      -8-

**IV.**

**CONCLUSION**

For the foregoing reasons, we hereby **GRANT** Defendants' motion to dismiss. The Court will enter a separate judgment dismissing Plaintiff's complaint against all Defendants.[1]

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 6th day of December, 2011.

                                        s/José Antonio Fusté
                                      JOSÉ ANTONIO FUSTÉ
                                   UNITED STATES DISTRICT JUDGE

---

[1] Defendant Silvia Diaz ("Diaz") was allegedly served but did not file a motion to dismiss or join the motion to dismiss filed by the other Defendants. Nonetheless, insofar as the basis for our dismissal of Plaintiff's complaint, the failure to exhaust administrative remedies, also applies to Defendant Diaz, we find that Plaintiff's claims against Defendant Diaz should also be dismissed. "Sua sponte dismissal should be used sparingly, but is appropriate if it is 'crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile.'" TMTV Corp. v. Pegasus Broad. of San Juan, 490 F. Supp. 2d 228, 236 (D.P.R. 2007) (citing Chute v. Walker, 281 F.3d 314, 319 (1st Cir. 2002)).